**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISON**

| | |
|---|---|
| **WILLIAM J. CANTRELL, as the administrator of the ESTATE OF REBECCA A. STEPHENS and TOMMY L. STEPHENS,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE NO. _____** |
| **v.** | **CV 415 - 169** |
| **BRYAN COUNTY BOARD OF EDUCATION and AMERICAN UNITED LIFE INSURANCE COMPANY,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs, William J. Cantrell, as the administrator of the Estate of Rebecca A. Stephens (the "Estate"), and Tommy L. Stephens ("Tommy Stephens"), by and through their undersigned counsel, sues Defendants, Bryan County Board of Education ("Board") and American United Life Insurance Company ("AULIC"), and alleges:

## NATURE OF CASE

1.     This action is for two claims: (i) for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA") against the

Board for unpaid work performed by Rebecca Stephens; and (ii) for wrongful denial of life insurance benefits by AULIC under a group life insurance policy (the "Plan") for which the Board was the group policyholder and Rebecca Stephens was a participant.

2.     The extent of compensation owed under the FLSA by the Board and whether the Plan's life insurance benefits were wrongfully denied by AULIC are both extricable tied to the same core factual issue and controversy – the number of hours worked by Rebecca Stephens in the weeks preceding her death.

### JURISDICTION AND VENUE

3.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367.   In the event supplemental jurisdiction is not exercised pursuant to 28 U.S.C. 1367, a separate action can be filed in this Court by the Estate and Tommy Stephens against AULIC as the amount in controversy with respect to the wrongful denial of life insurance exceeds $75,000, and AULIC's citizenship is diverse from both the Estate and Tommy Stephens.   AULIC is incorporated in Indiana and has its principal place of business in Indiana.

4.     Venue of this action properly lies in this Court pursuant to 28 U.S.C. § 1391.

2

## PARTIES

5.      The Estate was established and exists in the State of Georgia.

6.      At the time of her death, Rebecca Stephens was a citizen of the State of Georgia and was employed by the Board, in Bryan County, Georgia.

7.      Tommy Stephens is an individual and resident of Hall County, Georgia.  Tommy Stephens was the husband of Rebecca Stephens on the date of her death.

8.      The Board is the governing body of the Bryan County School System, in Bryan County, Georgia.

9.      AULIC is a for-profit corporation organized in the State of Indiana and registered to do business in the State of Georgia.

## GENERAL ALLEGATIONS

10.      In or about early May of 2013, Rebecca Stephens was hired by the Board as the Director of Special Education.   She had not been previously employed by the Board in any other capacity.

11.      As the Director of Education and a new employee, Rebecca Stephens had to work a substantial number of hours on a weekly basis during May, June, and July of 2013 to prepare for the beginning of the August 2013 school year and otherwise fulfill her duties.   This work was done at the direction of the Board and with the Board's knowledge.

3

12.     On August 7, 2013, Rebecca Stephens died at the age of 57 from a heart attack.  The heart attack occurred while she was working for the Board at Lanier Primary School, in Bryan County, Georgia.

## FLSA VIOLATION ALLEGATIONS

13.     Rebecca Stephens worked at least 20 to 30 hours for the Board the last week of May 2013.  She worked at least 25 to 40 hours for the Board each week during June 2013 and the first week of July 2013.

14.     All of the work performed in the above-described time periods was performed with Board's knowledge and was for the benefit of the Board.

15.     Rebecca Stephens was not compensated for any of the work she performed for the Board in the above-described time periods.

## WRONGFUL DENIAL OF LIFE INSURANCE ALLEGATIONS

16.     As an employee of the Board, Rebecca Stephens was eligible to participate in the Plan.

17.     Rebecca Stephens enrolled in the Plan and premiums were deducted from her paycheck(s) and paid to AULIC.

18.     Neither a copy of the Plan or its terms were provided to Rebecca Stephens prior to her death.

19.     A copy of the Plan was first provided by AULIC after the death of Rebecca Stephens to Tommy Stephens and the Estate.

4

20.    Under the terms of the Plan, benefits are payable if, at the time of an individual's death, the individual satisfied the Plan's waiting period and was otherwise an eligible employee.

21.    The Plan provides for a one full calendar month waiting period, beginning on the date the employee is hired and is actively at work.

22.    An "employee" is a full-time permanent employee who, among other requirements, regularly works at that occupation at the group policyholder's regular place of business a minimum of 20 hours per week.

23.    The Plan goes on to provide a specific definition of an employee who is "actively at work" to mean, in relevant part, the use of time, services, and energy by the employee for the group policyholder at the at the group policyholder's regular place of business, an alternative location approved by the group policyholder, or an alternate location to which the group policyholder requires you to travel.

24.    In this case, Rebecca Stephens was hired in early May 2013.

25.    Rebecca Stephens worked more than 20 hours per week each week beginning on the date of her hire in early May 2013 until and through the date of her death, August 7, 2013.  All work was performed at the group policy holder's regular place of business, an alternative location approved by

5

the group policyholder, and/or an alternative location to which the group policyholder required her to travel.

26.     Rebecca Stephens was an "employee" and "actively at work", as defined by the Plan, each week consecutively after she was hired in early May 2013.

27.     Rebecca Stephens satisfied the Plan's one full calendar month waiting period and was an eligible employee under the Plan no later than July 1, 2014. She died on August 7, 2013. As such, her beneficiary is entitled to the Plan's benefits.

28.     Under the Plan, benefits are paid according to a participant's beneficiary designation. If no designation is made, however, and the benefits cannot be paid to heirs under applicable small estate laws, the benefits are payable to the estate of the deceased participant.

29.     Upon information and belief, Rebecca Stephens either designated her husband, Tommy Stephens, as beneficiary or did not designate a beneficiary.

30.     In or about late 2013 or early 2014, a proof of loss was received by AULIC with respect to Rebecca Stephens benefits under the Plan.

31.     In or about August 2014, Tommy Stephens filed a claim/demand for benefits with AULIC.

32.   In or about July 2014, the Estate filed a claim/demand for the benefits with AULIC.

33.   In or about October 2014, the AULIC denied Tommy Stephens's claim/demand.

34.   In or about January 2015, the AULIC denied the Estate's claim/demand.

35.   Prior to making a determination for either claim/demand, AULIC did not investigate or otherwise consider any of the number of hours worked by Rebecca Stephens during May or June of 2013 or the first week of July 2013.

36.   For AULIC to outright deny the claims/demands without first undertaking any basic and necessary investigation as their validity is a clear breach of fiduciary duty and reflects AULIC has acted in bad-faith, has been stubbornly litigious, and has caused unnecessary trouble and expense.

37.   It was improper for the AULIC to deny both claims/demands, as either Tommy Stephens or the Estate is the beneficiary under the Plan.

38.   As a result of the Board's unlawful acts under the FLSA and AULIC's wrongful denial of benefits under the Plan, Tommy Stephens and the Estate have been forced to retain undersigned counsel to bring this action.

39.   Any and all conditions precedents to bringing the claims herein were satisfied or waived.

<h2 style="text-align:center">COUNT I – FLSA UNPAID MINIMUM WAGE</h2>

40.   Plaintiffs incorporate by reference, and as if fully restated herein, the allegations contained in Paragraphs 1- 15 of the Complaint.

41.   The Board is subject to the FLSA.

42.   During Rebecca Stephens' employment with the Board, she was their employee as that term is defined by the FLSA.

43.   During Rebecca Stephens' employment with the Board, the Board was her employer as that term is defined by the FLSA.

44.   During Rebecca Stephens' employment with the Board, she regularly and routinely worked at least 20 to 30 hours for the Board the last week of May 2013, at least 25 to 40 hours for the Board each week during June 2013 and the first week of July 2013.  Yet, she was not paid any wages, much less minimum wages, for any such work.

45.   The Board knew or should have known that Rebecca Stephens was not being compensated for the work performed in the above-described time periods.

46.   All of the work performed in the above-described time periods was performed with Board's knowledge and was for the benefit of the Board.

8

47.    The Board's failure to pay all owed minimum wage was intentional and willful.

48.    As a direct and legal consequence of the Board's failure to pay minimum wage, in violation of 29 U.S.C. § 201 et seq., Rebecca Stephens suffered damages.

49.    The Estate is asserting this FLSA claim on behalf of and for the benefit of the deceased, Rebecca Stephens.

## COUNT II – CLAIM FOR BENEFITS

50.    Plaintiffs incorporate by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-12 and 16-39 of the Complaint.

51.    Tommy Stephens made a claim/demand for benefits.

52.    The Estate made a claim/demand for benefits.

53.    Tommy Stephens is entitled to Plan benefits as Rebecca Stephen's beneficiary as her designated beneficiary if he was so designated.

54.    In the alternative, if Tommy Stephens was not designated as the beneficiary, the beneficiary is the Estate and the Estate is therefore entitled to the benefits.

55.    AULIC wrongfully denied both claims/demands.

56.    AULIC's decision to deny the claims/demands and not pay benefits was arbitrary and capricious and made in bad-faith.  Specifically,

prior to making a determination for either claim/demand, AULIC did not investigate or otherwise consider any of the number of hours worked by Rebecca Stephens during May or June of 2013 or the first week of July 2013, as the terms of the Plan necessarily obligated AULIC to do to make a good-faith determination.

57.    For AULIC to outright deny the claims/demands without first undertaking any basic and necessary investigation as their validity is a breach of fiduciary duty and reflects AULIC has acted in bad-faith, has been stubbornly litigious, and has caused unnecessary trouble and expense.   As such, AULIC is liable for all relief afforded by O.C.G.A. § 13-6-11 and § 13-4-6.

58.    Tommy Stephens and the Estate waited 60 days following demand to AULIC prior to filing this action.

59.    As a direct and legal consequence of the Board's wrongful denial of Plan benefits, Tommy Stephens and/or the Estate have suffered damages.

WHEREFORE, Plaintiffs respectfully request the following relief against Defendants:

a.    Enter judgment in favor of the Estate and against the Board for unpaid minimum wage under the FLSA;

b.    Enter judgement in favor of Plaintiffs and against AULIC for the wrongful denial of benefits under the Plan;

10

c.     Award the full amount of any unpaid minimum, liquidated damages, and pre-judgment and post-judgment interest, and any other applicable relief afforded by the FLSA;

d.     Award the full amount of benefits due under the Plan, plus pre-judgment and post-judgment interest;

e.     Award all relief afforded to Plaintiff's under O.C.G.A. § 13-6-11 and § 33-4-6;

f.     Award attorneys' fees and costs;

g.     Enter other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all counts.

Submitted this 11th day of June, 2015.

Respectfully submitted,

By:     *s/Darl H. Champion, Jr.*
Darl H. Champion
Georgia Bar No. 910007

2675 Paces Ferry Road SE, Suite 260
Atlanta, GA 30339
Telephone: (404)-596-8044
Email: champ@thechampionfirm.com

11