FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 DEC -2 PM 12: 02

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM J. CANTRELL, as the      )
administrator of the Estate      )
of Rebecca A. Stephens, and      )
TOMMY L. STEPHENS,               )
                                 )
        Plaintiffs,              )
                                 )
v.                               )      CASE NO. CV415-169
                                 )
BRYAN COUNTY BOARD OF            )
EDUCATION and AMERICAN UNITED    )
LIFE INSURANCE COMPANY,          )
                                 )
        Defendants.              )
_____)

## O R D E R

Before the Court is the parties' Joint Stipulation of
Dismissal with Prejudice. (Doc. 25.) Pursuant to Federal
Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may
dismiss an action by filing "a stipulation of dismissal
signed by all parties who have appeared." However,
Plaintiffs' complaint alleges violations of the Fair Labor
Standards Act ("FLSA"). (Doc. 1 ¶¶ 13-15, 40-49.) In cases
involving FLSA claims, the district court must scrutinize
any proposed settlement for fairness before entering a
stipulated judgment. Lynn's Food Stores, Inc. v. United
States, 679 F.2d 1350, 1350 (11th Cir. 1982); see 29 U.S.C.
§ 216 (b). Accordingly, the parties are **DIRECTED** to file,
within fourteen days of the date of this order, a copy of

their proposed settlement agreement for this Court's review.[1] Also, the Court suggests that the parties review the Eleventh Circuit's directives in Lynn's Food Stores prior to submitting their proposed agreement to determine whether their agreement is a proper settlement of Plaintiffs' FLSA claims.

SO ORDERED this 2ᵘᵈ day of December 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Upon reflection, the Court finds it remarkable that FLSA claims are almost never properly settled in the first instance. Often, the Court must direct the parties to file the settlement, only to then find that the settlement is overly broad with respect to the FLSA claims and must be rejected. In this case, the parties have little excuse. Six attorneys have appeared for the parties. Moreover, two attorneys work for a large law firm with offices spanning the southeast and mid-Atlantic, while a third is an associate at another large law firm with thirty-eight offices in the United States and three international locations. Worse yet, this firm purports to specialize in employment issues, while the attorney asserts that he has experience handling FLSA overtime claims. Given the number of learned counsel working on this case, the Court is mystified at the parties' collective failure.