IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM J. CANTRELL, as the )
administrator of the Estate )
of Rebecca A. Stephens, and )
TOMMY L. STEPHENS, )
)
Plaintiffs, )
)
v. ) CASE NO. CV415-169
)
BRYAN COUNTY BOARD OF )
EDUCATION and AMERICAN UNITED )
LIFE INSURANCE COMPANY, )
)
Defendants. )
)

**ORDER**

On November 20, 2015, the parties attempted to stipulate to the dismissal of this case after reaching a negotiated settlement. (Doc. 24; Doc. 25.) The Court, however, refused to dismiss their case because it involved allegations that Defendant Bryan County Board of Education ("BOE") violated the minimum wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and the parties had failed to file the settlement terms. (Doc. 26.) As a result, the Court was unable to scrutinize the agreement for fairness as required under the FLSA. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1350 (11th Cir. 1982); see also 29 U.S.C. § 216 (b).

In response, the parties provided the Court's deputy clerk with an electronic copy of the settlement agreement. According to that document, Plaintiffs agree to

> release, remise and forever acquit the Bryan County School District, the Bryan County Board of Education and each and all of its past and present board members, agents, servants, attorneys and employees, both in their official and individual capacities, and the Georgia School Boards Association Risk Management Fund and each and all of its directors, officers, agents and employees of and from any and all rights, demands, damages, claims, suits, actions or causes of action, both in tort and in contract, known or unknown, existing, pending, accrued or unaccrued as of the date of this Release and including, but not limited to, any rights, demands, damages, claims, suits, actions, or causes of action, growing out of or any way related to the employment of Rebecca A. Stephens with the School District. The Undersigned hereby release any and all claims they may have for compensatory damages, back wages, pain and suffering, emotional distress, worker's compensation, punitive damages, attorney's fees, costs or any and all other items of loss or damages which were or could have been asserted with the lawsuit described below or in connection with the employment of Rebecca A. Stephens with the School District.

In addition, the agreement provides that Plaintiffs will "release, settle and extinguish forever all claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release in that certain lawsuit filed in the United

2

States District Court for the Southern District of Georgia, Savannah Division." Finally, the agreement calls for "each party to pay their own attorney's fees and costs."

After careful consideration, the Court declines to accept the proposed settlement agreement. As an initial matter, the agreement should be filed as part of the public record in this case. See Briggins v. Elwood TRI, Inc., 3 F. Supp. 3d 1277, 1280 (N.D. Ala. 2014); Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010) ("If presented in an FLSA action with a notice of settlement, a stipulation for dismissal, an offer of judgment, or the like, the judicial approval required by Lynn's Food and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court."); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" (quoting Brooklyn

Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945))). Instead, the parties elected to pursue the unacceptable route of providing a copy to this Court via email. Because the Court fails to find any compelling reason for confidentiality in this case, the parties must file a copy of any proposed settlement agreement on this Court's public docket.

Additionally, the lack of information contained in the settlement agreement precludes this Court from accepting the parties' stipulated dismissal. The parties' agreement provides no information concerning the amount of settlement proceeds attributable to Plaintiffs' decision to compromise the FLSA claim, or portion of the settlement to be paid as attorney's fees. Rather, the agreement provides only that Plaintiffs will receive $3,500 as consideration for releasing any and all claims against Defendant BOE, and that the parties are responsible for their own attorney's fees and costs. Absent any specifics, the Court is unable to determine whether the settlement agreement fairly and reasonably compromises the FLSA claim. See Nichols v. Dollar Tree Stores, Inc., 2013 WL 5933991, at *2 (M.D. Ga. Nov. 1, 2013) (noting that lack of germane details, including liquidated damages, prevents approval of proposed

4

settlement); see also Dees, 706 F. Supp. 2d at 1243 ("The district court must 'review . . . the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" (quoting Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009)(alteration in original)).

Lastly, the settlement agreement is unacceptable due to the broad scope of its waiver provision. As noted above, the agreement provides that Plaintiffs will

> release any and all claims they may have for compensatory damages, back wages, pain and suffering, emotional distress, worker's compensation, punitive damages, attorney's fees, costs or any and all other items of loss or damages which were or could have been asserted with the lawsuit described below or in connection with the employment of Rebecca A. Stephens with the School District.

Plaintiffs will also "release, settle and extinguish forever all claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release in that certain lawsuit filed in the United States District Court for the Southern District of Georgia, Savannah Division." The inclusion of pervasive releases in FLSA settlements have

5

been generally rejected by courts because they "introduce[]
a troubling imponderable into the calculus of fairness and
full compensation." Moreno, 729 F. Supp. 2d at 1351; accord
Nichols, 2013 WL 5933991, at *2-*3; Dees, 706 F. Supp. 2d
at 1243 ("The district court should reject a compromise
that includes a prospective waiver, approval of which would
'nullify the purposes of the [FLSA].' " (quoting Brooklyn
Sav. Bank, 324 U.S. at 705-08) (alteration in original)).
Given the inclusion of the pervasive waiver provisions, the
Court is unable to approve the parties' settlement
agreement.

For the foregoing reasons, the parties' settlement
agreement is **REJECTED** and their request that this case be
dismissed is **DENIED**.[1] The Court shall provide the parties

---

[1] To be fair, the Eleventh Circuit Court of Appeals has
provided few specifics with respect to what terms of
settlement are prohibited in FLSA cases. Instead, district
courts have been consistent in their expectations regarding
the contents of any settlement agreement purporting to
compromise a FLSA claim. These expectations are derived
from the Eleventh Circuit's and Supreme Court's broad
directives concerning the public policy underlying the
FLSA. As evident from the cases cited above, district
courts have reached a general consensus concerning public
disclosure of any settlement agreement, as well as the
disclosure of details concerning the particulars of the
agreement and inclusion of a pervasive waiver. Based on
this extensive persuasive authority, it is this Court's
opinion that any attorney with a modicum of FLSA experience

with another opportunity to settle their dispute. Accordingly, the parties shall have thirty days from the date of this order to file, on the record, a new settlement agreement with respect to Plaintiffs' claims against Defendant BOE. The Court strongly encourages the parties to review existing court decisions regarding settlement of FLSA claims prior to submitting a new settlement agreement for this Court's approval.

SO ORDERED this 21ST day of December 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

could not reasonably conclude that the settlement agreement at issue in this case would pass muster.
    In the spirit of the season, the Court will spare counsel for all parties any further castigation for their continued inability to appropriately settle this case. However, learned counsel should be able to provide the Court and their clients with an acceptable agreement. While this is the season for giving, one gift that counsel should not expect to receive from this Court is a rough draft of a proper FLSA settlement agreement.