## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM J. CANTRELL, as the administrator of the ESTATE OF REBECCA A. STEPHENS, and TOMMY L. STEPHENS,<br><br>  Plaintiffs,<br><br>v.<br><br>BRYAN COUNTY BOARD OF EDUCATION and AMERICAN UNITED LIFE INSURANCE COMPANY<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.  4:15-CV-0169-WTM-GRS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiffs, William J. Cantrell, as the administrator of the Estate of Rebecca A. Stephens (the "Estate"), and Tommy L. Stephens, and Defendant, Bryan County Board of Education ("Bryan County")[1] (collectively "the Parties")[2], by and through their respective counsel, and pursuant to this Court's Order filed December 21, 2015 (Dkt. #27), jointly move the Court to (a) approve the FLSA settlement reached by the Parties and; (b) dismiss this case with prejudice.  As grounds, the Parties state:

---

[1]  The named defendant was Bryan County Board of Education.  In Bryan County's Answer, it alleged it is not a proper party and that the proper party is Bryan County School District.  The proposed FLSA settlement between the Estate and Bryan County includes as a released party, Bryan County School District.  Because the proposed FLSA settlement releases both entities, it is unnecessary to resolve whether or not Bryan County is a proper party.

[2] Defendant American United Life Insurance Company ("AULIC") was not subject to any FLSA claims and the Court's December 21, 2015 Order (Dkt. #27) was not directed to the separate agreement entered into between Plaintiffs and AULIC.  Therefore, AULIC is not a party to this Motion.

1.      Rebecca Stephens worked as an employee for Bryan County.  The Complaint sets forth against Bryan County a claim for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*. ("FLSA").  Bryan County disputes the FLSA claim and asserts several defenses, including a good faith defense to liquidated damages and any alleged willful violation of the FLSA.

2.      The Parties confirm that they have a bona fide dispute regarding whether Ms. Stephens worked any unpaid hours and, if so, the amount of such unpaid hours.  Bryan County asserted, and continues to assert, that it had reasonable grounds to believe it was in compliance with the FLSA at all times, and acted in good faith and not in willful violation of the FLSA.

3.      As a result, the Parties negotiated a compromise to resolve the FLSA claim and claim for attorneys' fees and costs.  (*See* "**Exhibit A**").  The proposed settlement does not release any claims other than the FLSA claim.

4.      The Parties resolved the lawsuit for a settlement value of $3,500.  The Estate valued the FLSA claim, excluding attorneys' fees or costs, at approximately $2,800 (that is, approximately 193 unpaid hours x minimum wage of $7.25, doubled for liquidated). Costs were approximately $775.  Local counsel, Darl Champion, Esq, a friend of the Estate, who spent several hours of legal work in connection with the lawsuit, agreed to receive fees of only approximately $225.  Undersigned counsel, who is also a family member of the Estate, chooses to accept no attorney's fees.  As a result, the settlement provides the Estate approximately $2,500 (that is, $3,500 minus $1,000 in fees and costs), which represents almost 90% of the value of the FLSA claim, excluding attorney's fees and costs.

5. The Parties believe that those amounts are reasonable for the payment of alleged and disputed unpaid wages and attorneys' fees and costs and, consequently, should be approved by the Court. The total settlement amount reflects a reasonable compromise of the unpaid wage amounts claimed by the Estate.

6. Counsel for the Parties' represent that the settlement entered into by the Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.

7. Counsel for the Estate represents that in his opinion the probability of the Estate's success on the merits was by no means certain, and that Estate faced a risk of losing its claim on the merits.

8. Counsel for the Estate represents that, considering the evidence, Bryan County's defenses, and the overall strengths and weaknesses of the FLSA claim, it is his opinion that the amount offered by Bryan County represents a reasonable compromise of the FLSA claim based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

9. Counsel for the Parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

**A.     Standard of Review.**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement may be required to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in

*Lynn*: "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them… .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations."  In the context of private FLSA lawsuits, the district court may approve proposed settlements "after scrutinizing the settlement for fairness." *Id.* at 352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  In determining whether the settlement is fair and reasonable the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007).  There is a strong presumption in favor of finding a settlement fair.  *Hamilton,* 2007 U.S. Dist. LEXIS at *2-3.

### B.     All of the Relevant Criteria Support Final Approval of the Settlement.

The Parties acknowledge that this settlement provides for the substantial payment of wages allegedly due during the FLSA's three-year limitation period.  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the Plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA.  Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to the Estate, it is clear that there was no fraud or collusion.  These facts further support that the settlement terms were reached with arms-length negotiations.  *See Khait v. Whirlpool Corp.,* 2010 U.S. Dist. LEXIS 4067, *15 (E.D.N.Y Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449. *11 (S.D. Tex. May 7, 2008).

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Estate and Bryan County continue to disagree over the merits of the claim and defenses asserted.  If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Lastly, there has been sufficient investigation and exchange of information to allow the Parties to reach a fair and reasonable resolution of this matter.  In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate

investigation to allow them to make an educated and informed analysis of the claims.

## CONCLUSION

**WHEREFORE**, the Parties respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated: January 15, 2016

| | |
|---|---|
| */s/ Hieu M. Nguyen* | */s/ William J. Cantrell* |
| Hieu M. Nguyen | William J. Cantrell |
| Georgia Bar No.: 382526 | Georgia Bar No. 477090 |
| Harben Hartley & Hawkins LLP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 340 Jesse Jewell Parkway, Suite 750 | 100 North Tampa Street, Suite 3600 |
| Gainesville, GA 30501 | Tampa, FL 33602 |
| Tel: 770) 534-7341 | Telephone: 813.289.1247 Facsimile: 813.289.6530 |
| Fax: (770) 532-0399 | Email: william.cantrell@ogletreedeakins.com |
| Email: hnguyen@hhhlawyers.com | |
| Attorneys for Bryan County Board. of Education. | Darl H. Champion |
| | Georgia Bar No. 910007 |
| | 2675 Paces Ferry Road, Suite 260 |
| | Atlanta, GA 30339 |
| | Telephone: 404.596.8044 Facsimile: 404.671.9347 |
| | Email: champ@thechampionfirm.com |
| | *Attorneys for Plaintiffs* |

23548002.1